```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**Bank of America,**            :
    Plaintiff,               :
                             :
v.                              :         Case No. 3:06cv1642 (JBA)
                             :
**Jeanne Huber-Happy,**         :
    Defendant.               :

**RULING ON PLAINTIFF'S MOTION TO REMAND [DOC. # 15]**

Plaintiff Bank of America filed this suit in Connecticut Superior Court alleging that defendant Jeanne Huber-Happy is indebted to plaintiff in the sum of $10,680.43 for charges and/or cash advances incurred on her credit account. See Super. Ct. Compl. [Doc. # 3-3]. Defendant Huber-Happy subsequently removed this action to federal court, claiming diversity jurisdiction and/or federal question jurisdiction, asserting that "[t]his case correctly belongs in the U.S. District Court for Connecticut due to issues relating to denial of [Huber-Happy's] U.S. Constitutional rights, including but not limited to free speech, equal protection and due process, Civil Rights violations, including but not limited to 28 U.S.C. Sections 1443 and 1450, 42 U.S.C. Sections 1343, 1983 and 1988, 18 U.S.C. 3771 et se. [sic] and violations of 18 U.S.C. section 1961 et seq., The Racketeer Influenced and Corrupt Organizations Act ("RICO")."[1]  Notice of

---

[1] Contrary to Huber-Happy's claim that "[u]pon removal the state case caption changes and the parties are realigned," see Mem. in Support of Mot. for Clarification [Doc. # 22] at 3, and

1

Removal [Doc. # 3-1] at 6-7.

Plaintiff Bank of America now moves to remand this action to Connecticut Superior Court contending that removal was improper, as there is no basis for removal of the action to federal court, and untimely. See Mot. to Remand [Doc. # 15]. Huber-Happy disputes plaintiff's untimeliness contentions, explaining that she was on vacation during the month of August and "had notified various courts and parties in related litigation of her unavailability until after September 15, 2006" and contends "[t]his is a diversity case, with no federal defendants residents of Connecticut." Obj. to Motion to Remand [Doc. # 26-2] at 3-4. Huber-Happy also alludes to potential federal statutory counter-claims, including "violations of the Federal Fair Credit laws" and "Civil RICO violations." See id. at 1.

28 U.S.C. § 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

---

the caption appearing on all of Huber-Happy's filings reflecting this belief, this action was commenced by the Bank of America against Ms. Huber-Happy and notwithstanding removal to federal court by Huber-Happy, the Bank of America remains the plaintiff in this action even post-removal.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The burden of establishing the existence of federal subject matter jurisdiction rests on the removing party, see United Mutual Houses, L.P. v. Andujar, 230 F. Supp. 2d 349 (S.D.N.Y. 2002) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987)), and "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability," Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991).

Here, while Huber-Happy claims the existence of diversity jurisdiction, such jurisdiction does not appear to exist as the amount in controversy, as pleaded by Bank of America in its complaint in Connecticut Superior Court, does not exceed $75,000. Moreover, even if the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 were met, 28 U.S.C. § 1441(b) limits removal on the basis of diversity jurisdiction to situations where no defendant is a citizen of the state in which the action was brought and, as Huber-Happy acknowledges in

3

her Notice of Removal, Huber-Happy is a Connecticut resident. <u>See</u> Notice of Removal ¶ 1.

As to Huber-Happy's references to possible federal question jurisdiction, on the basis of contemplated counter-claims which have not yet been asserted, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction [under § 1331] exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar</u>, 482 U.S. at 392.  In <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>, 535 U.S. 826, 831 (2002), the Supreme Court held that "a counterclaim – which appears as part of the defendant's answer, not part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." The Supreme Court thus "decline[d] to transform the long-standing well-pleaded complaint rule into the 'well-pleaded-complaint-<u>or</u>-<u>counterclaim</u> rule.'"  <u>Id</u>. at 832 (emphasis in original).  "The same reasoning applies whether the case is originally brought in federal district court or removed pursuant to § 1441" and the <u>Holmes</u> holding "has been extended beyond [the subject matter of that case] to encompass a variety of counterclaims either asserted under federal law or alleged to be preempted by federal law."  <u>See</u> <u>Aetna Health v. Kirshner</u>, 415 F. Supp. 2d 109, 113-14 (D. Conn. 2006) (citing cases).  Thus, even if Huber-Happy were

4

to assert counter-claims arising under federal statutory law or the United States Constitution, which she has not yet done, those counter-claims could not serve as a basis for removal on federal question grounds.

Accordingly, removal of Bank of America's complaint to this Court was improper under 28 U.S.C. § 1441.  Plaintiff's Motion to Remand [Doc. # 15] is thus GRANTED and the Clerk is directed to remand this case to the Connecticut Superior Court, Judicial District of Stamford.  The pre-filing conference previously scheduled for December 8, 2006, is CANCELLED.

                                    IT IS SO ORDERED.

                                    /s/
                                Janet Bond Arterton
                                United States District Judge

**Dated: New Haven, Connecticut on this 4th day of December, 2006.**